### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

### CASE NO. 3:22-cv-00075-TKW-MJF

BRITTANEY KEY, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

MIRACLE FAITH CENTER, INC.
d/b/a APOSTOLIC GLOBAL CHURCH,

      Defendant.

_____/

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Brittaney Key, brings this class action against Defendant, Miracle Faith Center, Inc. d/b/a Apostolic Global Church, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.    This is a class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.    Christian Harfouche, who refers to himself as an "Apostle Doctor," claims that he is "a miracle man"[1] and is commissioned by God to build an army of

---

[1] On his website, Mr. Harfouche claims to have cured a "myriad of diseases" such as "documented AIDS, terminal cancer, and crippling arthritis." *See*

1

miracle workers through the Apostolic Global Church and the International Miracle Institute.

3.    The International Miracle Institute is a tuition-based education program run by Defendant that offers multiple degree options at varying prices:

    (a) Associate's Degree of Christian Theology ($5,050.00);

    (b) Bachelor's Degree of Christian Theology ($6,800.00);

    (c) Master's Degree of Christian Theology ($8,750.00);

    (d) Doctorate in Christian Theology ($12,650.00).[2]

4.    Defendant recruits potential students to its Apostolic Global Church and International Miracle Institute though the use of unsolicited prerecorded telephone calls without having secured prior express consent (or any consent whatsoever) as required by the TCPA.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

5.    Defendant's unsolicited calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

---

https://globalrevival.com/about/miracles/ (last accessed November 15, 2021).   Mr. Harfouche also claims to heal broken bones; dissolve metal hardware placed in people's bodies during surgical procedures; and create bones in people's bodies when they were missing. *See id.*

   [2] *See* https://globalrevival.com/imi/degrees/ (last accessed November 15, 2021).

6.    Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

7.    Plaintiff is an individual and resident of Hawai'i and the subscriber and regular user of a telephone number ending in 8254 (the "8254 Number")[3] that received Defendants' telephonic calls.

8.    Plaintiff's 8254 Number is assigned to a cellular telephone service.

9.    At all relevant times, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

10.    Defendant Miracle Faith Center, Inc. d/b/a Apostolic Global Church is, and at all times relevant hereto was, a Florida not-for-profit corporation headquartered at 4317 N. Palafox St., Pensacola, Florida 32501.

11.    Defendant, Mircale Faith Center, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

---

[3]  Plaintiff's full number was provided to a representative of Defendant via email on October 12, 2021.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

13.    Defendant is subject to personal jurisdiction in Florida because it is a citizen and is registered with state of Florida.  Defendant made or caused to be made telephonic sales calls and text messages without the requisite prior express written consent in violation of the TCPA.

14.    Venue for this action is proper in this District because Defendant (1) is a Florida not-for-profit corporation doing business in this state; and (2) has an office, agent or other representative in Escambia County.

## FACTS

15.    Defendant, or someone acting on its behalf and at its direction, makes unsolicited prerecorded telephone calls marketing and recruiting for its church retreats and events and its tuition-based education programs.

16.    Between September 11, 2018 and August 31, 2021, Defendant made dozens of unsolicited prerecorded calls to Plaintiff's 8254 Number.

17.    The exact number of calls made to Plaintiff's 8254 Number will be determined based on Defendant's records.

18.    These calls came from (850) 439-6225.

19.    For example, Plaintiff received telephone calls from (850) 439-6225 that played a prerecorded message on the following dates and times:

- September 11, 2018 at 4:32pm;

- December 1, 2018 at 4:05pm;

- December 20, 2018 at 1:39pm;

- December 28, 2019 at 3:17pm;

- January 12, 2019 at 6:24pm;

- March 13, 2019 at 11:41am;

- April 5, 2019 at 3:28pm;

- April 13, 2019 at 7:32pm;

- July 9, 2019 at 4:45pm;

- September 17, 2019 at 4:01pm;

- October 12, 2019 at 3:23am;

- April 21, 2020 at 12:33pm;

- April 23, 2020 at 12:27pm;

- June 30, 2020 at 3:11pm;

- September 8, 2020 at 4:09pm;

- November 10, 2020 at 2:52pm;

- December 17, 2020 at 12:18pm;

- December 30, 2020 at 9:42am;

- January 1, 2021 at 1:23pm;

- January 2, 2021 at 2:07pm;

- January 28, 2021 at 10:57am;

- January 30, 2021 at 6:36am;

- February 20, 2021 at 1:53pm;

- March 9, 2021 at 3:05pm;

- March 12, 2021 at 11:56am;

- March 13, 2021 at 11:19am;

- March 24, 2021 at 10:41am;

- April 2, 2021 at 11:15am;

- May 11, 2021 at 2:17pm;

- May 13, 2021 at 12:59pm; and

- June 15, 2021 at 4:09pm.

20.    Plaintiff's 8254 Number has been registered with the National Do-Not-Call Registry since July 31, 2015.

21.    Plaintiff uses the 8254 Number for residential purposes.

22.    With respect to the prerecorded telephone calls, Plaintiff knew that the calls were prerecorded because she is familiar with traditional human discourse and when she answered the phone she could not speak with or interrupt the caller.

23.    In addition, when Plaintiff would not answer the phone, Defendant would leave prerecorded voice messages that sometimes would include multiple different speakers in the same message, unnatural audio at the beginning, or long pauses that would precede the start of the message.

24.    For example, on September 11, 2018, Defendant left the following prerecorded message on Plaintiff's voicemail:

> [clicking noise] [In male voice]  Blessings.  This is Doctor Christian Harfouche.  I have just sent you an urgent, timely, prophetic word, now.  This is your season of opportunity. You will crush your enemy's head.  The wait is over.  I want you to please call me now if you did not receive my email.  I have a special, personal invitation for you. Call my team now to receive it.  850-439-6225.  That's 850-439-6225.  I love you and god bless you.

25.    On December 1, 2018, Defendant left the following prerecorded message on Plaintiff's voicemail:

> [in female voice]  Hello champions.  This is Pastor Christie and I am calling on behalf of our Apostles, Doctors Chistian and Robin Harfouche to invite you tomorrow.  It's your faith weekend and tomorrow at 10:00am and 7:00pm, we are going to gather together and pray over ever prayer need. Bring your family and be there tomorrow at 10:00am and 7:00pm.  We love you and we will see you there.  Join us live online at globalrevival.com.  For questions, call us at (850) 439-6225.  That's (850) 439-6225.  You can email your prayer requests to prayer@globalrevival.com.

26.    On March 13, 2019, Defendant left the following prerecorded message on Plaintiff's voicemail:

[In male voice]  Hello [inaudible/cut off] . . . Hello this is Doctor Christian Harfouche.  I want to extend to you a personal, prophetic invitation to join me Wednesday through Sunday as I minister in the power of the Holy Spirit.  I want to impart to you.  I want to bless you.  And, I want to see you uplifted and strengthened with the might of the lord.  Dr. Robin and I love you and look forward to hearing from you.  Call us and let us know you'll be there.  [in female voice] For more information and to register for the International Miracle Institute, First Century Faith, call 850-439-6225 or visit globalrevival.com.  If you are not yet apart of IMI, you can still register for free to audit these powerful sessions.    You can also join us online at globalrevival.com

27.    On  January  30,  2021,  Defendant  left  the  following  prerecorded message on Plaintiff's voicemail:

[In male voice] ble . . . blessings.  This is Doctor Christian Harfouche.  I am extending an invitation to you.  The International Miracle Institute in-residence training begins Saturday night as well as Sunday morning gathering.  Join me live.  As well as in person.  Many of you are able to come and be part of the class and the impartation.  Call and inform me that you will be there.  850-439-6225.  [In female voice] To register to audit, call us at 850-439-6225.  Students and alumni join us at the apostolic global church or via broadcast at imilive.org.

28.    On March 9, 2021, Defendant left the following prerecorded message on Plaintiff's voicemail:

[In male voice]  Blessings in the name of the lord.  This is Doctor Christian Harfouche.  I am extending to you, a personal  invitation.    As  one  of  the  Lord's  choice champions, you are important to me.  This week, I will be teaching, emphatically with a powerful anointing, the first century faith impartation.  I want to see you, hear your

8

faith, and hear your voice, as we send the word to your life and to the world. [In female voice] International Miracle Institute begins this Thursday, March 11th through the 14th. Join us in person at the Apostolic Global Church or via live broadcast at IMIlive.org. For more information, check your email or call us at 850-439-6225. That's 850-439-6.

29.    On June 15, 2021, Defendant left the following prerecorded message on Plaintiff's voicemail:

> [female voice] Hi . . . [clicking noise] Hi [repeated] Thank you so much for taking my call. This week is International Miracle Institute's first century faith. Get ready to join Apostle Doctor Christian Harfouche and the entire global student body in person or live via broadcast. It will be Thursday June 17th through Sunday June 20th. Can I let Apostle know you will be attending. You can confirm by texting us back at this number. Or you can call us at (850) 439-6225. One more thing. Did you know that tonight, Apostle will be live on Global Revival TV? It is a special session dedicated to the first century faith revelation. Its open on YouTube and on Facebook, so share it with someone today. Again, thank you for taking my call and we will see you soon.

30.    When Plaintiff first began receiving these calls, she attempted to cut off the speaker and request not to be contacted; however, due to the prerecorded nature of the calls, she was unable to speak to a live person to opt out.

31.    In addition, none of the recordings left as voicemails included instructions for how Ms. Key could opt-out of Defendant's marketing campaign.

32.    Plaintiff never provided Defendant with any consent, written or otherwise, to make calls to her cellular telephone with a prerecorded message.

9

33.    Accordingly, each of Defendant's calls to Plaintiff using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

34.    For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

35.    Plaintiff is entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

36.    Upon information and belief, Defendant caused similar prerecorded calls to be made to individuals throughout the United States.

37.    For example, numerous consumers have turned to Google Reviews to complain about the unwanted calls and text messages from Defendant:





38.    Defendant is and was aware that it is placing unsolicited, prerecorded calls to Plaintiff and other consumers without their prior express consent.

39.    Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded while she was in her home, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, forcing Plaintiff to divert attention away from Plaintiff's personal, household, and other activities. Plaintiff was forced to spend time investigating the source of the calls and who sent them to her.

40.    Defendant's unsolicited, prerecorded calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, and annoyance.

---

[4]https://www.google.com/search?q=christian+harfouche+ministries (last accessed November 15, 2021).

## CLASS ALLEGATIONS

### PROPOSED CLASS

41.    Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant Fed. R. Civ. P. 23.  The "Class" that Plaintiff seeks to represent is defined as:

> **Prerecorded Call Class**:  All persons in the United States who from four years prior to the filing of this action (1) were called on their cellular telephone number by or on behalf of Defendant; (2) using a prerecorded or artificial voice.

42.    Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

43.    Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

44.    Upon information and belief, Defendant has placed telephonic calls utilizing prerecorded messages to cellular telephone numbers belonging to thousands of consumers listed throughout the United States without their prior

express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

45.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's and/or one or more third-parties' call records.

<u>COMMON QUESTIONS OF LAW AND FACT</u>

46.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls; [2] Whether Defendant (or someone acting on its behalf) obtains prior express consent; [3] Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and [5] Whether Defendant should be enjoined from engaging in such conduct in the future.

47.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits telephonic calls utilizing a prerecorded voice without prior express consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

48.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

49.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

50.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

51.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF THE TCPA**
**47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

52.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53.     Defendant placed, or had place on its behalf, calls utilizing an artificial or prerecorded voice to Plaintiff's and the Prerecorded Call Class member's cellular telephone numbers without prior express consent.

54.     Defendant has therefore violated 47 U.S.C. § 227(b)(1)(A)(iii).

55.     As a result of Defendant's unlawful conduct, Plaintiff and the Prerecorded Call Class members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

56.     Plaintiff and the Prerecorded Call Class members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a)  An order certifying this case as a class action on behalf of the Prerecorded Call Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    b)  An award of statutory damages for Plaintiff and each member of the Class;

    c)  An award of treble damages for Plaintiff and each member of the Class;

    d)  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b);

    e)  An injunction prohibiting Defendant from using an artificial or prerecorded voice without the prior express consent of the called party;

    f)  Reasonable attorney's fees and costs; and

    g)  Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

16

DATED: February 7, 2022           Respectfully Submitted,

**EDWARDS POTTINGER LLC**

*/s/ Seth M. Lehrman*
Seth M. Lehrman
Florida Bar No. 132896
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone: 954-524-2820
E-mail: seth@epllc.com

**THE WEITZ FIRM, LLC**
Max S. Morgan, Esq. *(Pro Hac Vice forthcoming)*
Eric. H. Weitz, Esq. (*Pro Hac Vice forthcoming*)
1528 Walnut Street, 4th Floor
Philadelphia, Pennsylvania 19102
Telephone: 267-587-6240
E-mail: max.morgan@theweitzfirm.com
E-mail: eric.weitz@theweitzfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system on February 7, 2022, and will be served on all counsel of record listed below through the ECF system.

                  /s/ Seth M. Lehrman
                  Seth M. Lehrman