UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BRITTANEY KEY**, individually and
on behalf of all others similarly
situated,

    **Plaintiff**,

v.                                                                            Case No. 3:22cv75-TKW-MJF

**MIRACLE FAITH CENTER** d/b/a
Apostolic Global Church,

    **Defendant**.
_____/

### ORDER GRANTING FINAL APPROVAL TO
### CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On February 2, 2023, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement (the "Settlement Agreement") between Plaintiff Brittaney Key ("Plaintiff"), on behalf of herself and all members of the Settlement Class,[1] and Defendant Miracle Faith Center, Inc., d/b/a Apostolic Global Church ("Defendant") (collectively, the "Parties") [ECF Doc. 31]. The Court also provisionally certified the Class for settlement purposes, approved the procedure for giving Notice to the Class Members, and set a Final Approval Hearing to take place on July 14, 2023. [*Id.*]

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

On April 24, 2023, the Court extended the Bar Date to May 16, 2023, and approved the supplemental notice to the Settlement Class Members. [ECF Doc. 35].

On July 14, 2023 the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing Plaintiff's Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members, *i.e.*, Class Members who did not submit proper and timely Request(s) for Exclusion; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses.

Based on the information and evidence provided at the hearing and of record, and upon due consideration of the entire case file, the Court finds for the reasons stated on the record at the hearing and set forth below that the class action settlement is due to be approved. Accordingly, it is

    **ORDERED** and **ADJUDGED** that:

### I. Jurisdiction of the Court

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final

Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the

questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.   Certification of the Settlement Class

4.   Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: All persons in the United States who from the four years prior to the filing of this action (1) were called on their cellular telephone number by or on behalf of Defendant; (2) using a prerecorded or artificial voice; (3) for which the Defendant lacks adequate records of express consent.

Notwithstanding the foregoing, this class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Defendant or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, and the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; and (C) all persons who filed a timely and proper request to be excluded from the Settlement Class in accordance with Section VIII of the Settlement Agreement. There were no exclusions.

### III. Appointment of Class Representative and Class Counsel

5. The Court finally appoints attorneys Seth Lehrman of Edwards Pottinger, LLC and Max S. Morgan of The Weitz Firm, LLC as Class Counsel for the Settlement Class. The Court finds that Class Counsel has adequately and diligently represented the Class throughout this litigation and that their advocacy has resulted in the substantial benefits available to the Settlement Class.

6. The Court finally designates Plaintiff Brittaney Key as the Class Representative.

### IV. Notice and Claims Process

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Notice, including the Direct-Mail Notice, the Supplemental Notice and Settlement Website-based Full Notice, as provided for in the Settlement Agreement, the Preliminary Approval Order [ECF Doc. 31], and Plaintiff's Unopposed Motion to Extend Bar Date [ECF Doc. 34], (i) constituted the best practicable notice under the circumstances to Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the

Final Approval Hearing, (iii) reached a high percentage of the Class Members and was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

## V.     Final Approval of the Class Settlement

8.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate.  The terms and provisions of the Settlement Agreement, including all Exhibits thereto [ECF Doc. 30-1], have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.  Full opportunity has been given to the Class Members to exclude themselves from the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and for payments to the Class Representatives, and otherwise participate in the Final Approval Hearing. Factors supporting the grant of final approval to this settlement include:

    a. The litigation was contested and the settlement was the product of arms' length negotiations among experienced counsel with the assistance of an experienced third-party mediator, with no evidence of collusion;

    b. If the litigation advanced, it would be expensive and time consuming;

    c. The reaction of the Class was overwhelmingly positive (as there were no objections or exclusions);

    d. The parties have exchanged sufficient information to assess the strengths and weaknesses of their claims and defenses;

    e. Plaintiff faces risk in establishing liability, maintaining certification of a litigation class and establishing damages; and

    f. The amount of the settlement is reasonable given the strengths and weaknesses of the case.

## VI.   Administration of the Settlement

9.    The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Administrator is directed to provide Claim Settlement Payments to Settlement Class Members who did not timely and properly exclude themselves from the Settlement Class.

10.    The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. The Court hereby approves Class Counsel's request for attorney fees in the amount of $120,000.00, plus costs in the amount of $6,151.42. The Court finds that requested fees of 30% of the Settlement Fund are reasonable under the percentage-of-the fund and benefit approach. The expenses incurred by Class Counsel were advanced with no guarantee of recovery

and were required to prosecute the case. Factors supporting the grant of fees include, but are not limited to:

    a. The time and labor expended by Class Counsel on behalf of the Class;

    b. The magnitude, complexity and risks of the litigation;

    c. The results achieved in this settlement including the monetary relief and change in practice;

    d. The quality of the representation;

    e. The contingent nature of the fee;

    f. The reasonableness of the request fee under the percentage method; and

    g. The value of the litigation to the public.

11. The Settlement Administrator shall pay Class Counsel the total amount of $126,151.42 as reasonable attorneys' fees, inclusive of the award of reasonable costs incurred in this Action. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

12. The Court finds that no objection(s) were submitted by Settlement Class Members. Regardless, based on the Court's own review of the Settlement Agreement and the implementation of the Notice Plan, the Court finds there are no deficiencies with the settlement.

13. The Plaintiff served as an adequate class representative and performed work on behalf of the absent class members. The Court acknowledges Plaintiff for satisfying her duties as a class representative.

## VII. Release of Claims

14. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement shall, by operation of this Final Approval Order and Judgment, have fully, finally, and forever released, relinquished, and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15. Furthermore, all Settlement Class Members who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or Released Claims or that could have been brought in the Action.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in Section X of the Settlement Agreement are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Settlement Class Members (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Class Members who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements in Section VIII of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court

expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)   The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, excluding those Class Members who have properly requested exclusion (opted-out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)   The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement do not include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18.   Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly:  (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for

11

purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

### VIII.  No Admission of Liability

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

### IX. Other Provisions

20. This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. Pursuant to Section 12.2 of the Settlement Agreement, the Court hereby modifies Section 3.4 of the Settlement Agreement as follows: (i) Defendant shall transfer the Settlement Amount into the Settlement Fund on or before October 23, 2023 and (ii) the Settlement Administrator shall distribute the Net Settlement Amount per Section 5.3 of the Settlement Agreement, no later than forty-five (45)

days after the date that the Settlement Administrator receives the Settlement Amount.

23. In the event that the Effective Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered, and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

24. This Litigation, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

[Remainder of page intentionally blank]

25. The Clerk shall terminate all pending motions and close the case file.

**DONE and ORDERED** this 19th day of July, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**